# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

SHENZHEN LESHENG INDUSTRIAL CO., LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

    Defendants.

_____/

## COMPLAINT

Plaintiff, SHENZHEN LESHENG INDUSTRIAL CO., LTD., hereby brings this design patent infringement action against Defendants, THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. This action is for patent infringement arising under the patent law of the United States, 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

2. Plaintiff files this action to combat foreign design patent infringers who trade upon Plaintiff's invention, reputation, and goodwill by selling and/or

offering for sale unlicensed products, namely ███████████████ ("Infringing Products"). Defendants operate several e-commerce storefronts (the "Seller Aliases") intended to appear as if they are selling genuine products, while actually selling Infringing Products to unsuspecting consumers. The Seller Aliases share unique identifiers, such as similar product images and specifications, advertising, design elements, and similarities of the Infringing Products themselves, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patented design, as well as to protect innocent consumers from purchasing Infringing Products on e-commerce platforms. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## SUBJECT MATTER JURISDICTION

3.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

## PERSONAL JURISDICTION

4.     Defendants are subject to personal jurisdiction pursuant to Florida's long-arm statute (specifically Fla. Stat. §48.193(1)(a)(2)), and alternatively pursuant to Fed. R. Civ. P. 4(k)(1)(A) or 4(k)(2).

5.     "Patent infringement constitutes a tortious act within the meaning of Florida's long-arm statute for the purposes of establishing personal jurisdiction." *Kemin Foods, L.C. v. Omniactive Health Technologies, Inc.*, 654 F.Supp.2d 1323, 1331 (M.D. Fla. 2009). Upon information and belief, Defendants are infringing on Plaintiff's patents by soliciting sales of Infringing Products, and selling and delivering Infringing Products to residents of this District by use of their e-commerce storefronts which are accessible by, and have been accessed by, residents of this District.[1]

6.     Defendants' contacts with the State of Florida and this District are such

---

[1] See, generally, *CreeLED, Inc. v. Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A"*, 699 F.Supp.3d 1357, 1361 (S.D. Fla. 2023) (effect of website accessibility on personal jurisdiction in a trademark action); *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (same); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353 and fn.8 (11th Cir. 2013) (same).

that the Court may exercise specific or general personal jurisdiction over the Defendants. Namely:

      a)      Defendants, upon information and belief, maintain substantial or continuous and systematic contacts with this District by soliciting sales, selling, and delivering Infringing Products to residents of this District by use of their e-commerce storefronts which are accessible by, and have been accessed by, residents of this District; and

      b)      Defendants, upon information and belief, purposefully direct their e-commerce storefronts to this District including by soliciting sales, selling, and delivering Infringing Products to residents of this District by use of their e-commerce storefronts which are accessible by, and have been accessed by, residents of this District, such that Defendants should reasonably anticipate being haled into court in this District.

7.      Plaintiff has suffered substantial injury in the State of Florida and this District as a result of Defendants' solicitations, sales, and deliveries of Infringing Products. Defendants' actions outside this state have also caused Plaintiff substantial injury within this in the State of Florida and this District. *Alpha Technology U.S.A. Corp. v. Northern Dairy Equipment, Ltd*, 2018 WL 501598 *2 (M.D. Fla. 2018) ("[T]his jurisdiction has broadly interpreted the long-arm statute with

regard to tortious conduct to include conduct outside the state that causes injury within the state.").

8. Defendants already conduct business in this State and District via the internet such that exercising jurisdiction would not unduly burden Defendants. The interests of the State of Florida, and of the Plaintiff in obtaining relief, are high due to the solicitation, sale, and delivery of products to residents of this District by aliens who are attempting to conceal their identities by use of the Seller Aliases.

9. This is the case with each individual Defendant as set forth on the attached **Exhibit of Personal Jurisdiction and Venue**.

## VENUE

10. In patent cases, federal courts follow the "well-established rule that suits against alien defendants are outside the operation of the federal venue laws." *In re HTC Corporation*, 889 F.3d 1349, 1361 (Fed. Cir. 2018); see also *Kemin Foods, L.C. v. Omniactive Health Technologies, Inc.*, 654 F.Supp.2d 1323, 1331 (M.D. Fla. 2009) ("This case involves patent law, and therefore, the Court has evaluated the law of the Federal Circuit, when required."). The purpose of the longstanding alien-venue rule is "the need to avoid a venue gap, where the federal courts have jurisdiction, but where no proper venue to exercise that jurisdiction exists." *In re HTC Corporation*, 889 F.3d at 1355.

11. Defendants are, upon information and belief, aliens who are engaged

in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping Infringing Products to consumers into this district.

12. Defendants, upon information and belief, neither reside in any judicial district nor have a regular and established place of business in any judicial district for purposes of 28 U.S.C. § 1400(b).

13. Therefore, pursuant to the alien-venue rule and pursuant to 28 U.S.C. § 1391(b)(3), venue is proper because Defendants are subject to the Court's personal jurisdiction.

14. This is the case with each individual Defendant as set forth on the attached **Exhibit of Personal Jurisdiction and Venue**.

## THE PARTIES

15. Plaintiff, SHENZHEN LESHENG INDUSTRIAL CO., LTD., is a Chinese company.

16. Plaintiff owns all right, title, and interests in, and/or has standing to sue for infringement of U.S. Design Patents, U.S. Patent No. ▓▓▓▓ and U.S. Patent No. ▓▓▓▓ See **Exhibit 1** ("Patents").

17. Upon information and belief, Defendants are individuals or business entities based in China that own and/or operate one or more e-commerce stores in a concerted effort to profit from the goodwill associated with Plaintiff's

intellectual property by selling and offering to sell the same or substantially the same counterfeit and infringing goods via the same or similar sales channels, all in direct violation of Plaintiff's exclusive rights. See **Schedule A** attached hereto which contains a link to each of the Defendants' e-commerce stores.

18. The Defendants offer for sale the same infringing product under different brand names and color schemes. These products have identical shapes and features, including a smooth, rectangular shape with rounded edges and so on.

19. Defendants are selling the same Infringing Products. Furthermore, the products share similar or identical descriptions and product images, including key works such as "▮▮▮▮▮▮▮▮▮▮" and "▮▮▮▮▮▮▮". See **Exhibit 2** attached hereto which contains true and correct copies of screenshot printouts showing the active e-commerce stores for each of the Defendants. The products shown on said Exhibit 2 are the Infringing Products, and are separated as to each individual Defendant.

20. Moreover, it is common practice for Chinese business entities to open and operate multiple e-commerce storefronts under different names despite being owned and operated by the same entity. It is also common for Chinese businesses to purchase e-commerce storefronts from other vendors and to open multiple storefronts under different names for the same entities.

21. Joinder is appropriate at this time under Fed. R. Civ. P. 20(a)(2) because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action. See also 7 Fed. Prac. & Proc. Civ. § 1660 (3d ed.) ("The general philosophy of the joinder provisions of the federal rules is to allow virtually unlimited joinder at the pleading stage but to give the district court discretion to shape the trial to the necessities of the particular case.").

## FACTUAL BACKGROUND

22. Plaintiff sells its own ▮▮▮▮▮▮▮▮▮▮ on e-commerce platforms like Amazon, which embody and practice the Patents.[2] Plaintiff's Patents are well established on Amazon and enjoy quality customer reviews and high ratings.

23. Plaintiff has not granted a license or any other form of permission to Defendants to practice the Patents.

24. On information and belief, Defendants are an interrelated group of infringers working in active concert to willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patents in the same transaction, occurrence,

---

[2] Link to Plaintiff's Amazon storefront:
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same Infringing Products with minor variations as well as similar if not identical product images and descriptions. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

25. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Seller Aliases. On information and belief, Defendants regularly create new e-commerce storefronts to allocate potential liability. Such Defendant e-commerce store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

26. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Seller Aliases. The Seller Aliases include notable common features beyond selling the exact same infringing product, including the same product images, accepted payment methods, lack of contact information, identically or similarly priced items and volume sales

discounts, the same incorrect grammar and misspellings, and the use of the same text and images.

27. In addition to operating under multiple fictitious names, Defendants in this ▮▮▮▮▮ and defendants in other similar ▮▮▮▮▮ against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

28. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar ▮▮▮▮▮ indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

29. Defendants, without any authorization or license from Plaintiff, have

knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the Patents, and continue to do so via the Seller Aliases. Each Defendant e-commerce storefront offers shipping to the United States, including Florida, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Florida.

30. Defendants' infringement of the Patents in the offering to sell, selling, or importing of the Infringing Products is willful.

31. Defendants' infringement of the Patents in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Florida, is irreparably harming Plaintiff.

### COUNT 1 - DESIGN PATENT INFRINGEMENT

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-31 to this Complaint as if fully set forth herein.

33. Defendants offers for sale, sells, and/or imports into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Patents. See **Exhibit 2**.

34. Defendant has infringed the Patents through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's infringing

conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

35. Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the Patents, Plaintiff will continue to be irreparably harmed.

36. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction,

copy or colorable imitation of the ornamental design claimed in the Plaintiff's Patents;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patents; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, Temu and TikTok, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, e-commerce search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design;

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

  c. take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

 3. That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patents, including and not limited to all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' infringement of the Patents.

 4. That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284.

 5. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

 6. Any and all other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

**DATED: September 24, 2025**  Respectfully Submitted,

                                               **REINER & REINER, P.A.**
*Counsel for Plaintiff (Lead Counsel)*
9100 South Dadeland Blvd., Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com;
eservice@reinerslaw.com

By: _____
**DAVID P. REINER, II, ESQ.**; FBN 416400