UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

CASE NO.: 25-CV-2574-TPB

**SHENZHEN LESHENG INDUSTRIAL CO. LTD.,**

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**
Defendants.

Judge Thomas P. Barber
Magistrate Judge Christopher P. Tuite

_____/

### OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [DE 12]

Defendants Yywhahfgfb (Doe 44) and Stedack (Doe 25), by and through undersigned counsel, respectfully oppose Plaintiff's Motion for Preliminary Injunction [DE 12]. Plaintiff cannot establish a likelihood of success on the merits.

### INTRODUCTION

1. Neither asserted design patent is infringed by Defendants' accused products;

2. Both design patents are primarily functional and therefore invalid or entitled to an extremely narrow scope; and

3. Multiple substantial questions of invalidity exist based on prior art.

Accordingly, Plaintiff has no likelihood — let alone a strong likelihood — of success on the merits, and the extraordinary remedy of a preliminary injunction must be denied.

# I. LEGAL STANDARD

To obtain a preliminary injunction in a patent case, the plaintiff must show: (1) likelihood of success on the merits; (2) irreparable harm; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375–76 (Fed. Cir. 2009). "Because injunctions are extraordinary remedies, [the] standard is very high." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). Irreparable harm requires showing infringement and validity. *Amazon. com, Inc. v. Barnesandnoble. com, Inc.*, 239 F. 3d 1343, 1350 (Fed. Cir. 2001). "Our case law and logic both require that a movant cannot be granted a preliminary injunction unless it establishes *both* of the first two factors, *i.e.,* likelihood of success on the merits and irreparable harm." Id., citing [Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc., 141 F.3d 1084, 1088, 46 USPQ2d 1257, 1259-60 (Fed.Cir.1998)](citing [Reebok Int'l, 32 F.3d at 1555, 31 USPQ2d at 1783]). If defendant raises a substantial question concerning either infringement or validity, *i.e.,* asserts an infringement or invalidity defense that the patentee cannot prove "lacks substantial merit," the preliminary injunction should not issue. *Id.* Plaintiff bears the burden of proving infringement. "[I]n cases involving multiple patent claims, to demonstrate a likelihood of success on the merits, the patentee must demonstrate that it will likely prove infringement of one or more claims of the patents-in-suit, and that at least one of those same allegedly infringed claims will also likely withstand the validity challenges presented by the accused infringer." *Id.*

## II. NO LIKELIHOOD OF SUCCESS ON U.S. DESIGN PATENT NO. D1,075,944 ("the '944 Patent")

### A. The '944 Patent claims only the ornamentation shown in solid lines

The '944 Patent is directed to an ornamental design for a "Fidget Toy" as shown in the eight figures. All broken (dashed) lines are expressly disclaimed. Only the solid lines form the protected design. See Ex. A ('944 Patent) at Figs. 1–8.

The overall visual impression created by the solid lines is an elongated, rounded-rectangular or oval stone-like shape with five parallel raised ridges running lengthwise. The five parallel raised ridges are shown entirely in broken lines in several views and is therefore not part of the claimed design. The only features shown in solid lines are the smooth, rounded-oval, pebble-like outer perimeter and overall three-dimensional stone shape of the article. Every internal texture — including the five parallel ridges — is disclaimed.

### B. The sole remaining claimed feature — the smooth, rounded-oval stone shape — is overwhelmingly functional and unprotectable

The '944 Patent is titled "Fidget Toy" and is intended to be held in the hand, rubbed between fingers, and used as a tactile sensory or "worry stone." A smooth, elongated, rounded-oval (pebble-like) shape is dictated by function because it:

- comfortably conforms to the natural curvature of the palm and fingers;

- allows easy rolling, flipping, and rubbing without sharp edges that would cause discomfort during prolonged use;

- provides an ergonomic, grippable form factor ideal for repetitive hand manipulation — the very purpose of a handheld fidget or worry stone.

The Federal Circuit has repeatedly held that design features dictated primarily by function are not ornamental and are entitled to little or no protection under 35 U.S.C. § 171. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328–30 (Fed. Cir. 2015). In Sport Dimension, Inc. v. Coleman Co., 820 F.3d 1316 (Fed. Cir. 2016), the court analyzed a similar product and stated, "[t]hose elements — i.e., the hammer's flat head, the crowbar's elongated shape, and the stud climbing tool's jawlike shape — were well known in the art, and their basic design was dictated by their respective functional purposes." Id., at 1321. Here, a handheld fidget with an oval or pebble-like shape is common and basic.

Alternative designs for handheld fidget stones are abundant (circular, square, hexagonal, irregular, faceted, etc.), but the smooth, rounded-oval "river stone" or "worry stone" silhouette is the industry-standard functional shape — as demonstrated by the dozens of prior-art textured sensory stones shown in the Amazon listing of KLT Store attached as Ex. A (available before the '944 Patent was filed on Dec. 23, 2024). *See* below screenshot of KLT Store's Amazon review on Nov. 6, 2024 in Figure 1.



**Figure 1: KLT Review on Amazon (left)**

When functional considerations are factored out, nothing ornamental remains in the claimed design.

### C. The claimed shape is old and obvious

Smooth, rounded-oval "worry stones," "palm stones," and "sensory stones" having essentially the identical outer perimeter have been sold for decades. *See, e.g.*, the KLT Store Amazon listing in Ex. A, *available* at https://www.amazon.com/Fidget-Toys-Adults-Sensory-Stone/dp/B0DC69M33Y?th=1, last visited Dec. 3, 2025. The reference alone raises a substantial question of obviousness under § 103 that Plaintiff cannot rebut at this stage.

### D. Defendants' products do not infringe the extremely narrow (or nonexistent) scope

Because the only arguably ornamental scope of the '944 Patent — if any — is limited to the exact proportions of the disclaimed internal ridges (which are not claimed) or the purely functional outer stone shape, Defendants' differently shaped and different 3-D products (see Ex. B & C as provided by Plaintiff) cannot infringe. As seen below Figure 2 in the next page, the shape of `944 Patent is a concave oval shape, Does 44 does not have such features at all. Their products are flat. Does 25 may have similar one but not as curved as that of `944 Patent.

**Figure 2: Comparison**



| Doe 44 | |
|---|---|
| Doe 25 | |
| '94 Patent | |

Accordingly, Plaintiff has zero likelihood of success on the '944 Patent.

## III. NO LIKELIHOOD OF SUCCESS ON U.S. DESIGN PATENT NO. D1,077,066 ("the '066 Patent")

### A. The only arguably novel feature is the pattern of small protruding pips

The '066 Patent Figs. 1–8 show a generally circular disc covered with a dense array of small, uniformly spaced, raised cylindrical pips (like a Lego® baseplate or a bed-of-nails). This pip pattern is the only feature that distinguishes the design from the myriad prior-art circular textured sensory discs.



**Figure 3: Pips of `066 Patent.**

### B. Defendants' products lack this feature entirely

Defendants' products, as seen in Figure 3 above, do not have such feature. Doe 44 has one product that features some unconnected small bumps, but the bumps are not even close to each other such as the pips shown in Figure 3.

### IV. BOTH PATENTS ARE PRIMARILY FUNCTIONAL AND ENTITLED TO NO OR MINIMAL PROTECTION

Design patents protect only ornamental features, not those dictated by function. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015).

- Parallel ridges or raised pips on a handheld fidget toy provide tactile sensory feedback and grip — classic functional features.

- Alternative designs abound (waves, bumps, dots, grooves, etc.), proving these particular configurations are driven by function, not ornamentation.

- When functional elements are factored out, little if any ornamental scope remains. The patents are therefore invalid or limited to their exact depictions, which Defendants do not copy.

## V. SUBSTANTIAL QUESTIONS OF INVALIDITY AND INFRINGEMENT EXIST

The Amazon listings attached as Ex. A (available years before the 2025 issuance dates) disclose virtually identical overall appearances for both designs. At minimum, these references raise a substantial obviousness question under 35 U.S.C. § 103 that Plaintiff cannot rebut at this stage. The non-infringement discussed above also raised substantial question into enforceability and infringement. If defendants raise a "substantial question" concerning validity, enforceability, or infringement (i.e. assert a defense that plaintiff cannot show "lacks substantial merit" the preliminary injunction should not issue. *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997).

## VII. PLAINTIFF HAS PRESENTED NO EVIDENCE OF IRREPARABLE HARM

Even if Plaintiff could show any likelihood of success on the merits (which it cannot), the Motion independently fails for lack of irreparable injury. Post-eBay and Winter, there is no presumption of irreparable harm in patent cases, even upon a showing of infringement and validity. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011).

Because Plaintiff has offered no evidence at all of irreparable harm — let alone evidence that is "clear" or "substantial" — the Motion fails on this independent ground. See *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 639–40 (Fed. Cir. 2015) (vacating PI where irreparable-harm showing was conclusory).

**CONCLUSION**

For all the foregoing reasons —

(1) no likelihood of success on infringement of either the '944 or '066 Patent,

(2) both patents are primarily functional and entitled to little or no protection,

(3) substantial questions of invalidity exist, and

(4) Plaintiff has submitted no evidence whatsoever of irreparable harm —

the extraordinary remedy of a preliminary injunction is wholly unwarranted.

The Motion for Preliminary Injunction [DE 12] should be DENIED in its entirety.

Respectfully submitted
this 3rd day of December, 2025.

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Attorney for Defendants
Yywhahfgfb (Doe 44) and Stedack (Doe 25)

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Jianyin Liu