## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## Case No.: 25-CV-2574-TPB

SHENZHEN LESHENG INDUSTRIAL CO. LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

Defendants.

_____/


## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants Yywhahfgfb (Doe 44) and Stedack (Doe 25) (collectively, "Defendants"), by and through undersigned counsel, respectfully move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), 35 U.S.C. § 299, and the Court's inherent authority to dismiss Plaintiff's Complaint [DE 1] with prejudice. In support thereof, Defendants incorporate by reference the accompanying Memorandum of Law and the Declaration of [Counsel's Name], submitted herewith.

Plaintiff's Complaint fails to state a claim upon which relief can be granted, as it alleges infringement of design patents that protect functional features of silicone sensory/fidget toys—products sold by Defendants via distinct Amazon storefronts with no logical relationship. The Complaint also improperly joins unrelated defendants in violation of 35 U.S.C. § 299, rendering the action defective from inception. Dismissal is

warranted to prevent undue prejudice to Defendants and to promote efficient adjudication.

**MEMORANDUM OF LAW IN SUPPORT**

## I. INTRODUCTION

This action arises from Plaintiff's conclusory allegations of design patent infringement under 35 U.S.C. §§ 271 and 289 against multiple unnamed "Doe" defendants operating purportedly related Amazon storefronts selling silicone-based sensory and fidget toys. As detailed in the Complaint [DE 1], Plaintiff, Shenzhen Lesheng Industrial Co. Ltd., claims ownership of design patents, including U.S. Design Patent Nos. D976,993 S and D1,077,066 S) covering ornamental aspects of such toys, including textured silicone poppers, rings, and pushers designed for anxiety relief and sensory stimulation.

Defendants Yywhahfgfb (Seller ID: A1CEZWZMX5CHFJ) and Stedack (Seller ID: A32ED6P9WC87QG) are identified on Schedule A as Doe 44 and Doe 25, respectively, for selling products under ASINs B0F6LTZL2T and B0FD38PLSF. These are distinct fidget toy products—e.g., multi-piece silicone sets for adults and children.

The Complaint fails to plead plausible infringement, as the asserted designs are functional and invalid, or entitled to narrow protection. Further, joinder of Defendants is improper under 35 U.S.C. § 299, as no logical relationship exists between their independent operations. For these reasons, the Complaint must be dismissed.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) tests the sufficiency of a complaint's allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory assertions, such as "similar product images and specifications" without specifics (Compl. ¶ 2), are insufficient. In patent cases, design infringement requires that the accused product "embod[ies] the claimed design or any design that is not substantially different." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302 (Fed. Cir. 2010).

The Federal Circuit has repeatedly held that design features dictated primarily by function are not ornamental and are entitled to little or no protection under 35 U.S.C. § 171. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328–30 (Fed. Cir. 2015). In *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316 (Fed. Cir. 2016), the court analyzed a similar product and stated, "[t]hose elements — i.e., the hammer's flat head, the crowbar's elongated shape, and the stud climbing tool's jawlike shape — were well known in the art, and their basic design was dictated by their respective functional purposes." Id., at 1321.

Joinder in multi-party patent suits is strictly governed by 35 U.S.C. § 299, requiring defendants to "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." In patent cases, joinder is governed by 35 U.S.C. § 299, which provides that "parties that are accused infringers may be joined in one action as defendants" only where:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into

the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

§ 299(a).

Similarly, Federal Rule of Civil Procedure 20(a)(2) provides in pertinent part:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

*Id.*

Notably, § 299(a)'s joinder provision, which requires that the transaction or occurrence relate to making, using, or selling the same accused product or process, is more stringent than Rule 20. *See KPR U.S., LLC v. LifeSync Corp.*, No. 22-CV-60468, 2023 WL 4156693 (S.D. Fla. June 24, 2023) (Strauss, M.J.); *see also Atlas IP, LLC v. Medtronic, Inc.*, No. 13-23309-CIV, 2014 WL 11906632, at *1 (S.D. Fla. Mar. 17, 2014) (Altonaga, C.J.) ("Section 299's language makes joinder in patent cases more difficult than traditional joinder under Rule 20."); *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 939 (Fed. Cir. 2013) (observing that the American Invents Act ("AIA") "adds a requirement that the transaction or occurrence must relate to making, using, or selling of the same accused product or process."). Additionally, "[i]n adopting the majority construction of Rule 20 by passage of the AIA, Congress recognized, simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20." *Atlas IP, LLC*, 2014 WL 11906632, at *1 (internal quotation marks and citation omitted).

## III. ARGUMENT

## A. Failure to State a Claim Under Rule 12(b)(6)

### 1. The Asserted Design Patents Are Functional and Invalid, or Entitled to Narrow Scope

Design patents protect only ornamental, non-functional aspects. 35 U.S.C. § 171(b); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328–30 (Fed. Cir. 2015). Here, the Complaint alleges infringement of designs for silicone fidget toys with features like "textured surfaces" and "popping mechanisms"—depicting colorful, pushable silicone discs and rings for sensory relief). These are inherently functional:

- Utilitarian aspects: The textures and shapes provide tactile feedback for anxiety reduction, autism support, and focus enhancement—essential to the product's utility, not mere ornamentation.. No alternative designs are alleged, and market prevalence of similar silicone pop-its (e.g., generic fidget spinners) underscores functionality.

- Advertising touts function: Product listings emphasize "stress relief" and "sensory stimulation" (Exs. 25.pdf, 44.pdf), confirming these features are functional.

- Narrow scope: Even if partially valid, protection is limited to exact ornamental details (e.g., specific color patterns or edge curvatures), which Defendants' products do not copy. The Complaint's vague "similarities" (Compl. ¶ 2) fail to plead substantial similarity.

Without alleging how Defendants' ASINs embody non-functional elements, the claim fails plausibly. *Twombly*, 550 U.S. at 555.

### 2. No Plausible Infringement Alleged

The Complaint relies on boilerplate assertions of "unique identifiers" like "similar product images" across Seller Aliases (Compl. ¶ 2), but provides no specifics tying Doe 25 (Stedack's B0FD38PLSF: launched August 2025, low-volume sales) to Doe 44 (Yywhahfgfb's B0F6LTZL2T: launched June 2025, higher volume). Images in Exhibit A (Doe 25) and Ex. B ( (Doe 44) show generic silicone toys with varying colors/shapes, not patented designs. Plaintiff must specify which aspects of the claimed design... are incorporated into the accused product. Bald allegations suffice not. Broad and conclusory allegations that do not establish a sufficient commonality among the allegedly Infringing Products and the Defendants to permit joinder. *See Omega v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023) (concluding the plaintiffs had asserted "broad, conclusory allegations of connectivity" in alleging that defendants concurrently employed and benefitted from "substantially similar advertising and marketing strategies" based upon the defendants' infringements of the plaintiffs' mark); *Tang v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 23 C 4587, 2024 WL 68332 (N.D. Ill. Jan. 4, 2024) (holding plaintiff's allegations were insufficient to justify the joinder of multiple defendants in a single lawsuit where plaintiff claimed that the defendants were part of a network of infringers, and the court found no substantial overlap in the evidence or factual connections between the claims against each defendant, indicating that the infringement was by independent sellers of similar products, as opposed to the coordinated, mass infringement).

**B. Improper Joinder Under 35 U.S.C. § 299**

Section 299 limits joinder in patent cases to defendants with a "logical relationship" arising from the "same transaction, occurrence, or series of transactions or occurrences—relating to the making, using, selling... of the same accused product or process." 35 U.S.C. § 299(a)(1), (2). "Series" demands more than parallel conduct; it requires concerted action or shared infringement. *See KPR U.S., LLC v. LifeSync Corp.*, No. 22-CV-60468, 2023 WL 4156693 (S.D. Fla. June 24, 2023) (Strauss, M.J.); *see also Atlas IP, LLC v. Medtronic, Inc.*, No. 13-23309-CIV, 2014 WL 11906632, at *1 (S.D. Fla. Mar. 17, 2014) (Altonaga, C.J.) ("Section 299's language makes joinder in patent cases more difficult than traditional joinder under Rule 20.").

Here:

- Defendants operate independent Amazon storefronts (IDs A1CEZWZMX5CHFJ and A32ED6P9WC87QG) selling different ASINs (B0F6LTZL2T vs. B0FD38PLSF) with staggered launches (June vs. August 2025) and unrelated sales (221 vs. 31 units).

- No allegations of shared supply chains, communications, or joint marketing—only speculative "similarities" (Compl. ¶ 2).

- Products differ: One is a multi-color pack for adults; the other a classroom-focused set (Exs. 25.pdf, 44.pdf).

Joinder prejudices Defendants by forcing joint defense of unrelated claims, violating § 299. Id. The entire action against joined Does must be dismissed, or severed.

## C. Shotgun Pleading Under Rule 12(b)(6) and Inherent Authority

The Complaint is a classic "shotgun" pleading: It lumps all "Defendants" together without specifying which Doe infringes which patent or ASIN (Compl. ¶¶ 1–2), This violates Rule 8(a)(2)'s fair notice requirement and Rule 10(b)'s separation of claims. Dismissal with leave to amend is warranted, but given fatal flaws (functionality, joinder), dismissal is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint with prejudice and award costs and fees.

DATED this 7th day of December, 2025.

> Respectfully submitted
> this 3rd day of December, 2025.
>
> /s/ Jianyin Liu
> Jianyin Liu, Esq.
> Florida Bar No. 1007675
> jamesliulaw@gmail.com
> The Law Offices of James Liu PLLC
> 15750 SW 92nd Ave Unit 20C
> Palmetto Bay, FL 33157
> Telephone: (305) 209-6188
> Attorney for Defendants
> Yywhahfgfb (Doe 44) and Stedack (Doe 25)

### CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Jianyin Liu