UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:25-cv-02574-TPB-CPT

SHENZHEN LESHENG INDUSTRIAL CO., LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

    Defendants.

_____/

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS (DE 33)

Plaintiff, SHENZHEN LESHENG INDUSTRIAL CO., LTD., ("Plaintiff"), by and through undersigned counsel, hereby files this response to the Defendants' Motion to Dismiss Complaint filed by Defendants 25 and 44 (DE 33) ("Motion"), and states:

### I. Introduction

Preliminarily, there is a discrepancy regarding the identities of Defendants No. 25 and No. 44. The Motion was filed on behalf of "Defendants Yywhahfgfb (Doe 44) and Stedack (Doe 25)." DE 33. However, as identified on Schedule A, Defendant No. 44 is "Simgoing" and Defendant No. 25 is "Hiboom." These names on the Schedule A are the publicly viewable storefront names on the Amazon

listings, who Plaintiff is suing.

Further, there is a discrepancy regarding Defendant No. 26 identified on Schedule A as "Hioetse." As a regular course of business, Amazon assigns "Seller IDs" to third-party sellers and assigns "ASINs" to specific products offered for sale. Amazon uses such Seller IDs for purposes of identification and payment. Here, the information provided by Amazon under the Court's TRO specifies that Defendants No. 25 and No. 26 have the same Seller ID (*i.e.*, are the same seller).

This response addresses the arguments raised in the Motion to the extent that it intended to reference Defendants Nos. 25, 26, and 44 who are "Hiboom", "Hioetse," and "Simgoing", respectively ("Defendants").

## II.     *Reasonable Observer Test Weighs Strongly in Favor of Plaintiff*

The exhibits to the Complaint clearly demonstrate infringement. These are the Plaintiff's products:



This image is from the Plaintiff's Amazon page which is weblinked in footnote 2

of the Unredacted Complaint. The patented shape under Patent '944 includes a *unique, irregular* oval shape and *surrounding borders* for which Plaintiff claims an ornamental design. Even if oval shapes, in general, contribute to functionality, Plaintiff has patented this specific ornamental shape – an irregular oval which is uniquely shaped. The product use demonstration in the above picture does not emphasize the shape as having a utilitarian function. As to the patented bumps or dimples under Patent '066, the ornamental design is depicted in the blue item in the bottom right of the above picture. While bumps or dimples, generally, contribute to the utilitarian function of this particular product, the Plaintiff's specific *geometric pattern* and the *unique dimple shapes* depicted are ornamental.

These are Defendant No. 25's products next to an image of Plaintiff's patent:



The infringement by Defendant No. 25 relates to the purple item, which is the same exact *shape* as Plaintiff's '944 Patent as shown in Figure 4 therein. It also includes

the same surrounding *border* as Plaintiff's Patent '944, which is raised out or elevated from the plane on which the ridges lie (rounded "pizza crust" type border).

These are Defendant No. 26's products:



alongside Plaintiff's products:



The infringement by Defendant No. 26 (who is the same seller as No. 25) is particularly egregious and is clear to any reasonable observer. The products

blatantly copy the patent shape, border, and textures of *both* Plaintiff's patents.

These are Defendant No. 44's products:



The infringement by Defendant No. 44 relates to the red and blue products in the top right of the image, which incorporate the surrounding *borders* of Patent '944, which is raised out or elevated from the plane on which the ridges lie (rounded "pizza crust" type border).

### III.   *Joinder is Proper*

The facts supporting joinder, as stated in the Complaint, include the following:

> 17.   Upon information and belief, Defendants are individuals or business entities based in China that own and/or operate one or more e-commerce stores in a concerted effort to profit from the goodwill associated with Plaintiff's intellectual property by selling and offering to sell the same or substantially the same counterfeit and infringing goods via the same or similar sales channels, all in direct violation of Plaintiff's exclusive rights. See **Schedule A** attached

hereto which contains a link to each of the Defendants' e-commerce stores.

18. The Defendants offer for sale the same infringing product under different brand names and color schemes. These products have identical shapes and features, including a smooth, rectangular shape with rounded edges and so on.

19. Defendants are selling the same Infringing Products. Furthermore, the products share similar or identical descriptions and product images, including key works such as "Sensory Stone" and "Worry Stone". See **Exhibit 2** attached hereto which contains true and correct copies of screenshot printouts showing the active e-commerce stores for each of the Defendants. The products shown on said Exhibit 2 are the Infringing Products, and are separated as to each individual Defendant.

20. Moreover, it is common practice for Chinese business entities to open and operate multiple e-commerce storefronts under different names despite being owned and operated by the same entity. It is also common for Chinese businesses to purchase e-commerce storefronts from other vendors and to open multiple storefronts under different names for the same entities.

21. Joinder is appropriate at this time under Fed. R. Civ. P. 20(a)(2) because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action. See also 7 Fed. Prac. & Proc. Civ. § 1660 (3d ed.) ("The general philosophy of the joinder provisions of the federal rules is to allow virtually unlimited joinder at the pleading stage but to give the district court discretion to shape the trial to the necessities of the particular case.").

DE 10, ¶¶17-21. In fact, the identification issues outlined in Section I herein evidence that joinder is proper. Evidently, between the time of Plaintiff's pre-suit investigations and now, Defendants 25 and 44 have already changed the name of

their storefronts to starkly different names – Defendant No. 25 has changed its name from "Hiboom" to "Stedack" and Defendant 44 has changed its name from "Simgoing" to "Yywhahfgfb." Further, Defendant No. 25 maintains that it is unrelated Defendant No. 26 – despite Amazon's own data reflecting that they are the same seller with the same Seller ID.[1]

Moreover, all Defendants in this case, with the exception of Defendants No. 25, 26, and 44, have now been defaulted or dismissed. As a result, Defendants No. 25, 26, and 44 are not prejudiced in any way by their continued participation in this action. "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000) *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). Any prejudice to Defendants has been cured.

The record evidence also supports joinder. In support of its claims, Plaintiff has presented the affidavit of its corporate representative who analyzed each of Defendants' products and determined that they infringed the Plaintiff's Patents

---

[1] This information has been previously provided to Defendants' counsel.

causing irreparable injury. DE 12-1. In support of Defendants' Motion, an affidavit of Defendants' counsel has been filed which is incomplete and relays hearsay. See DE 39. It purports to attach documents which are not attached, references "Lip Tone Equalizing Oil" which is not a product at issue herein, and may contain attorney-client privileged material on page 3 therein. See DE 39.

No issues of evidence or prejudice, as relating to trial, have been presented which warrant severance. The reasonable observer test can be easily applied to Defendants, who are represented by the same counsel.

Even if the Court believes severance is appropriate, the Court should sever out either (1) Defendants 25 and 26 but not Defendant 44, or (2) Defendant 44 but not Defendants 25 and 26. – because no other Defendants have appeared to defend this litigation.

### V.     *Shotgun Pleading*

The Complaint clearly separates out the infringing products of Defendants in the Exhibits such that Defendants have notice of the claims asserted against them. The particular Defendants infringe Plaintiff's patents as described herein.

### V.     *Conclusion*

Based on the foregoing, Defendants' Motion should be denied. Alternatively, Plaintiff requests leave to amend.

**WHEREFORE**, Plaintiff respectfully requests the Court deny Defendants'

Motion, or grant leave to amend, together with such other relief the Court deems just and proper.

**DATED:  December 23, 2025**

>Respectfully Submitted,
>
>**REINER & REINER, P.A.**
>*Counsel for Plaintiff*
>9100 South Dadeland Blvd., Suite 901
>Miami, Florida   33156-7815
>Tel: (305) 670-8282; Fax: (305) 670-8989
>dpr@reinerslaw.com; eservice@reinerslaw.com
>
>By: _____
>**DAVID P. REINER, II, ESQ.**; FBN 416400

### CERTIFICATE OF SERVICE

*I HEREBY CERTIFY that on **December 23, 2025,** I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

>By: _____
>**DAVID P. REINER, II, ESQ.**; FBN 416400