UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:25-cv-02574-TPB-CPT

SHENZHEN LESHENG INDUSTRIAL CO. LTD.,

Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

Defendants.
_____/

## DEFENDANT NIGHT APOSTLE'S MOTION TO VACATE
## CLERK'S ENTRY OF DEFAULT

Defendant Night Apostle (Seller ID: A22JX5J9G9FRKP) ("Defendant"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 55(c) to vacate the Clerk's Entry of Default entered against it. In support thereof, Defendant states as follows:

### I. INTRODUCTION AND BACKGROUND

1. Plaintiff filed this action on September 24, 2025, alleging design patent infringement related to silicone sensory/fidget toys.

2. Service was effected via electronic means through the Amazon seller platform backend, consistent with any prior orders authorizing alternative service.

3. Defendant, a foreign entity based in China, received notification of the lawsuit through the platform but, due to language barriers, unfamiliarity with U.S. federal civil procedure, and difficulty locating qualified counsel fluent in Mandarin, failed to timely respond.

4. A Clerk's Entry of Default was subsequently entered against Defendant. Dkt. # 48.

5. On December 23, 2025, counsel entered an appearance on behalf of Defendant. Dkt. # 52.

6. Defendant now promptly moves to vacate the default, attaching a proposed Answer and defenses mirroring those successfully raised by similarly situated defendants in analogous cases.

## II. LEGAL STANDARD AND GOOD CAUSE EXISTS TO VACATE THE DEFAULT

Rule 55(c) provides that the Court may set aside an entry of default for "good cause." The Eleventh Circuit applies a lenient standard, strongly favoring resolution of disputes on the merits rather than by default. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) ("[T]here is a strong policy of determining cases on their merits and we therefore view defaults with disfavor.").

Courts consider factors including: (1) whether the default was willful; (2) whether setting it aside would prejudice the plaintiff; (3) whether the defendant presents a meritorious defense; and (4) whether prompt action was taken to cure the default. No single factor is dispositive, and doubts are resolved in favor of vacatur.

## III. APPLICATION OF THE FACTORS

### A. The Default Was Not Willful

Defendant resides in China, where English is not the primary language. The service notification arrived via Amazon's backend platform in English. Due to the language barrier and

lack of familiarity with U.S. federal court procedures (including deadlines for filing an Answer), Defendant did not fully appreciate the need to respond within the prescribed time.

Defendant diligently sought U.S. counsel fluent in Mandarin but was unable to retain qualified representation until recently. This excusable neglect—not culpable or willful conduct—caused the default. Courts routinely vacate defaults against foreign defendants under similar circumstances involving language barriers and procedural unfamiliarity.

### B. Plaintiff Will Not Be Prejudiced

Vacating the default will cause no prejudice beyond requiring Plaintiff to prove its case on the merits—the ordinary course of litigation. The case is in its early stages, with no significant discovery or trial preparation having occurred. Mere delay does not constitute prejudice. *See In re Worldwide Web Sys., Inc.*, at 1295.

### C. Defendant Has Meritorious Defenses

A "meritorious defense" requires only a hint of a suggestion that, if proven, would constitute a complete defense—more than a conclusory denial, but far less than preponderant evidence. *See id*. at 1296–97.

Design patents protect only ornamental, non-functional aspects. 35 U.S.C. § 171(b); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328–30 (Fed. Cir. 2015). Here, the Complaint alleges infringement of designs for silicone fidget toys with features like "textured surfaces" and "popping mechanisms"—depicting colorful, pushable silicone discs and rings for sensory relief). These are inherently functional:

- Utilitarian aspects: The textures and shapes provide tactile feedback for anxiety

reduction, autism support, and focus enhancement—essential to the product's utility, not mere ornamentation.. No alternative designs are alleged, and market prevalence of similar silicone pop-its (e.g., generic fidget spinners) underscores functionality.

- Advertising touts function: Product listings emphasize "stress relief" and "sensory stimulation" (Exs. 25.pdf, 44.pdf), confirming these features are functional.

- Narrow scope: Even if partially valid, protection is limited to exact ornamental details (e.g., specific color patterns or edge curvatures), which Defendants' products do not copy. The Complaint's vague "similarities" (Compl. ¶ 2) fail to plead substantial similarity.

Defendant acted in good faith, reasonably believing its products were materially different and non-infringing. Meanwhile, by factoring the functional design out, Defendant did not infringe Plaintiff's patents.

Improper joinder under 35 U.S.C. § 299, as Defendant operates a distinct Amazon storefront with no logical relationship to other Schedule A defendants.

These defenses, if proven, would defeat Plaintiff's claims in their entirety.

### D. Defendant Acted Promptly

Upon retaining counsel, Defendant immediately filed a Notice of Appearance and now files this Motion within days thereof. The undersigned reached out to Plaintiff's counsel starting on Dec. 23, 2025 and until today, Plaintiff confirmed that they opposed to the vacatur.

### IV. CONCLUSION

Good cause exists to vacate the Clerk's Entry of Default. The Eleventh Circuit's strong preference for merits-based adjudication, combined with the absence of willful conduct, lack of

prejudice, presence of meritorious defenses, and Defendant's prompt remedial action, compel this result.

**WHEREFORE**, Defendant respectfully requests that the Court vacate the Clerk's Entry of Default and allow Defendant to file an belated answer or response to the Complaint, and grant such other relief as the Court deems just and proper.

Dated: Jan. 2, 2026

                                                          Respectfully submitted,

                                                          /s/ Jianyin Liu
Jianyin Liu, Esq.
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209-6188
Fax: (305) 402-5959
Email: jamesliulaw@gmail.com
Attorney for Defendant

**Certificate of Good-Faith Conferral**

I hereby certify that I had conferred to the opposing counsel starting on or around Dec. 23, 2025 until today and Plaintiff opposed to vacate the default.

                                                          /s/ Jianyin Liu

**Certificate of Service**

I hereby certify that on Jan. 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jianyin Liu