**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SHENZHEN LESHENG INDUSTRIAL
CO., LTD.,

     Plaintiff,

v.                                 Case No. 8:25-cv-2574-TPB-CPT

THE INDIVIDUALS,
PARTNERSHIPS, and
UNINCORPORATED
ASSOCIATIONS
IDENTIFIED ON
SCHEDULE A,

     Defendants.

_____/

**ORDER GRANTING IN PART "PLAINTIFF'S EX PARTE MOTION FOR
ENTRY OF TEMPORARY RESTRAINING ORDER, PRELIMINARY
INJUNCTION, ORDER RESTRAINING TRANSFER OF ASSETS AND
EXPEDITED DISCOVERY;" AND**

**PRELIMINARY INJUNCTION**

This matter is before the Court upon "Plaintiff's *Ex Parte* Motion for Entry of

Temporary Restraining Order, Preliminary Injunction, Order Restraining Transfer of

Assets and Expedited Discovery and Memorandum of Law in Support Thereof," filed

on October 29, 2025.  (Doc. 12).  Plaintiff Shenzhen Lesheng Industrial Co., Ltd. moves

for entry of a preliminary injunction against Defendants the Individuals,

Partnerships, and Unincorporated Associations identified on Schedule A, a

preliminary injunction, and an entry of an order restraining the financial accounts

used by Defendants.  Plaintiff also seeks expedited discovery.[1]  After reviewing the motion, court file, and the record, the Court finds as follows:

## Background

Plaintiff, a Chinese company, is the applicant and assignee of U.S. Patent No. D1,075,944 S and U.S. Patent No. D1,077,066 S, which are for sensory fidget toys. Plaintiff alleges that Defendants, through the various internet-based e-commerce stores operating under the seller identities identified on Schedule A, have advertised, promoted, offered for sale, and/or sold goods bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of its patented sensory fidget toys.  Defendants are not now, nor have they ever been, authorized or licensed with respect to the patents.  Plaintiff filed this suit seeking damages and injunctive relief, and it subsequently filed an *ex parte* motion for a temporary restraining order and preliminary injunction.

## Legal Standard

To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 65-66 (2020). "A preliminary injunction is an extraordinary and drastic remedy, and [the

---

[1] The Court previously entered an Order granting in part, deferring in part, and denying without prejudice in part on the requested relief, deferring as to the preliminary injunction request.  (Doc. 13).

movant] bears the burden of persuasion to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

### Analysis

The evidence which supported the Court's granting of a temporary restraining order also supports the granting of preliminary injunction. *See Schiavo*, 403 F.3d at 1225-26 (holding that the standard to obtain a preliminary injunction is the same as to obtain a temporary restraining order), *but see* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.").  Defendants have been provided with notice of Plaintiff's motion and the proceedings via the platforms and the website (https://reinerslaw.com/25-02574/) as previously authorized by the Court.

The noticed time for the preliminary injunction hearing having passed, and no Defendants having appeared in opposition,[2] the Court finds that converting the temporary restraining order into a preliminary injunction is appropriate.  *SOS Mobile Medical Care, LLC v. Gulledge*, No. 8:25-cv-03422-WFJ-CPT, 2026 WL 49812, at *1 (M.D. Fla. Jan. 7, 2026) (converting a temporary restraining order into a preliminary injunction where, after having granted a temporary restraining order, a preliminary injunction hearing was set but defendant failed to appear in the action); *Vacation Club Services, Inc. v. Rodriguez*, 6:10-cv-247-Orl-31GJK, 2010 WL 716497 (M.D. Fla. Feb. 24, 2010) (converting temporary restraining order into a preliminary injunction

---

[2] Defendants #25 and #44 filed an opposition to Plaintiff's motion for preliminary injunction, but they were thereafter voluntarily dismissed.  *See* (Docs. 27; 89; 95).

following party's failure to appear after being served with two notices of the preliminary injunction hearing).

Based on the filings, the Court concludes that Plaintiff has a strong probability of proving at trial that Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products bearing the patents that infringe directly and/or indirectly on Plaintiff's patents, and that the infringement of Plaintiff's patents will likely cause Plaintiff to suffer immediate and irreparable injury if a preliminary injunction is not granted.  Plaintiff has demonstrated that (1) there is a substantial likelihood it will prevail on the merits of its claims; (2) it has no adequate remedy at law; (3) it has suffered irreparable harm and injury; and (4) unless Defendants are enjoined from the infringing conduct, Plaintiff will continue to suffer immediate and irreparable injury as a result of Defendants' actions.

Pursuant to 35 U.S.C. §283, Plaintiff may be entitled to, as an equitable remedy, an injunction to prevent the violation of Plaintiff's patents, and to compensatory damages no less than the amount of a reasonable royalty for use of Plaintiff's patents (35 U.S.C. § 284), as well as Defendants' total profits resulting from the use (35 U.S.C. § 289).  In light of the substantial likelihood that Defendants have violated patent laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless preliminary injunction relief is entered for the pendency of this action.  Accordingly, the Court, having considered the motion, and having found good cause, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1.      The temporary restraining order (Doc. 13) is converted into a preliminary

injunction and remains in effect until further ordered.  Defendants remain enjoined as detailed in the temporary restraining order.

2.      Plaintiff is directed to maintain the previously posted bond of $10,000.00 until further Order of the Court and, in the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

3.      Plaintiff shall continue to provide notice of these proceedings to Defendants as specified in the temporary restraining order.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, this 25th day of March, 2026.

_____

TOM BARBER
UNITED STATES DISTRICT JUDGE